[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this tax appeal, under Conn. Gen. Stat. 12-118,[1] the plaintiff appeals from the tax assessed by the City of Hartford on a property known as 201 Ann Street for the grand list of October 1, 1991. At this location sits what was constructed in the 1890's as a Masonic Lodge. Now listed in the National Register of Historic Places it has been converted to a six story commercial building with retail space at the street level and basement level, and offices on the upper five floors. The building, consisting of about 34,000 square feet of rentable space is in the central business district directly across from the Hartford Civic Center. The interior has been renovated and modernized.
The City of Hartford assessed the property at a value of $2,483,740.00, representing 70% of the value it assigned to the parcel: $3,548,200.00. The plaintiff claims the property was overvalued.
The plaintiff and the defendant each presented appraisers to support their positions regarding the value of the property. Both considered an income approach and the direct sales comparison approach to be most useful in valuing the property, as opposed to the cost approach. The plaintiff's witness relied heavily on a discounted cash flow analysis as the best method to fix value, which yielded a value of $1,200,000.00. Such an analysis may sometimes be considered appropriate, see, Newbury Commons Ltd. Partnership v. Stamford, 226 Conn. App. 92 (1993), but not necessarily so where traditional methods include sufficient data for a proper analysis of value. Id.
Both appraisers had ample information to use the income-direct capitalization method and the sales comparison method. The plaintiff's witness was of the opinion that each of these methods yielded a value of $1,900,000.00. The defendant's witness applied both methods to arrive at values of $3,601,000.00 under the income approach and $3,556,000.00 under the sales comparison approach for a final reconciled value $3,575,000.00.
The court must arrive at its conclusion by weighing the opinions of the two appraisers and considering the other evidence and claims of the parties. The court is persuaded that the sales comparison approach utilized by the defendant's appraiser more realistically accounts for the value of the property. That figure is very close to the assessed value utilized by the defendant City of Hartford of $3,548,200.00. There appears to be no reason to conclude that the assessment was excessive. CT Page 8216-J
The appeal of the plaintiff is dismissed.
PATTY JENKINS PITTMAN JUDGE, SUPERIOR COURT